IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| HORATIO R. LEE, as Personal Representative of the Estate of Daisy R. Lee a/k/a Daisy Rudolph Lee, deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>ALABAMA CVS PHARMACY, L.L.C.,<br><br>    Defendant. | CIVIL ACTION NO.<br>2:14cv913-MHT<br>(WO) |

OPINION AND ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal). To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's

citizenship.  See McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).  The allegations must show that the citizenship of each plaintiff is different from that of each defendant.  See 28 U.S.C. § 1332; see also 2 James Wm. Moore, et al., Moore's Federal Practice § 8.03[5][b] at 8-16 (3d ed. 2006).

The notice of removal fails to meet this standard as to the plaintiff.  Admittedly, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent ...." 28 U.S.C. § 1332(c)(2).  However, the notice purports to give the "residence" rather than the "citizenship" of decedent Daisy R. Lee.  An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State.  Delome v. Union Barge Line Co., 444 F.2d 225, 233 (5th Cir.), cert. denied, 404 U.S. 995 (1971).

2

The removal notice is also insufficient because it does not indicate the citizenship of a party that is a 'limited liability company': defendant Alabama CVS Pharmacy, L.L.C.  "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). The notice must therefore allege "the citizenships of all the members of the limited liability company." Id.  If the member is another entity, the complaint must reflect the citizenship of that entity based on the nature of that entity.  The allegation of citizenship as to Alabama CVS Pharmacy, L.L.C.'s sole member, CVS Pharmacy, Inc., a corporation, is not sufficient.  For corporate citizenship, the notice must allege both the State of incorporation and where the corporation has its principal place of business.  See 28 U.S.C.

3

§ 1332(c)(1); <u>American Motorists Ins. Co. v. American Employers' Ins. Co.</u>, 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam).  Therefore, the notice must be amended to allege both CVS Pharmacy, Inc.'s State of incorporation <u>and</u> where it has its principal place of business.

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that removing defendant Alabama CVS Pharmacy, L.L.C., has until November 10, 2014, to amend the notice of removal to allege jurisdiction sufficiently, <u>see</u> 28 U.S.C. § 1653; otherwise this lawsuit shall be remanded to state court.

DONE, this the 27th day of October, 2014.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**